UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| NEXSTAR MEDIA INC., | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:21-cv-01047(AJT/IDD) |
| newsnationusa.com, *et al.*, | ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION**

This matter is before the Court on Plaintiff Nexstar Media Inc.'s ("Plaintiff" or "Nexstar") Motion for Default Judgment against the Defendant Internet domain name newsnationusa.com ("Defendant" or "Defendant Domain Name"). Pl.'s Mot. for Default J., Dkt. No. 17. After the Defendant Domain Name failed to file an answer or response by November 26, 2021, the undersigned Magistrate Judge took this matter under advisement to issue this Report and Recommendation. Upon consideration of the Complaint, Plaintiff's Motion for Default Judgment, relevant portions of the underlying record, and the supporting memorandum, the undersigned Magistrate Judge makes the following findings and recommends that Plaintiff's Motion be **GRANTED** as to Count I.[1]

### I.    INTRODUCTION

Plaintiff filed its Complaint on September 13, 2021, against the Defendant Domain Name and Defendants John Does 1-9 ("Doe Defendants") seeking relief for in rem cybersquatting under the Federal Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d) ("ACPA"). Compl. ¶ 1,

---

[1] Plaintiff indicated in its Memorandum in Support of Default Judgment that its current motion for default judgment only pertains to Nexstar's *in rem* cybersquatting claim against the newsnationusa.com domain name. The case shall remain pending against one or more separate individual defendants who are the operators of websites infringing Nexstar's trademarks and/or copyright protected works. *See* Pl.'s Mot. for Default J., n.1.

Dkt. No. 1. Plaintiff requests that judgment be entered in favor of Plaintiff on its claims of cybersquatting and that the Court order the Defendant Domain Name be transferred to Plaintiff.[2] *Id*. at 27-28.

### A.    Jurisdiction and Venue

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 15 U.S.C. § 1121(a), and 17 U.S.C. § 501(b) because this case involves federal questions arising under the Lanham Act, a federal law relating to trademarks. Compl. ¶ 8.

This Court has *in rem* jurisdiction over the Defendant Domain Name under 15 U.S.C. § 1125(d)(2)(A)(ii) because the listed registrant of the Defendant Domain Name is either blank, a privacy service, a fictitious person or entity, and/or an individual residing outside the United States. *Id*. ¶ 9. Thus, despite its due diligence, Plaintiff has been unable to find a person who can be a defendant in a civil action under 15 U.S.C. § 1125(d)(2)(A)(ii). *Id*.

Venue is proper in this District pursuant to 15 U.S.C. § 1125(d)(2)(C) and 28 U.S.C. § 1391(b)(2) in that the .COM domain name registry operator, VeriSign, Inc., is situated in this judicial district, and the Defendant Domain Name is a .COM domain name. *Id*. ¶ 14.

### B.    Service of Process

The ACPA provides that service of process in an *in rem* action may be accomplished by sending notice of the alleged violation and intent to proceed under the ACPA to the registrant of the domain name at the post and e-mail addresses provided by the registrant to the registrar, and by publishing notice of the action as the court may direct promptly after filing the action. *See* 15 U.S.C. §§ 1125(d)(2)(A)(ii)(II)(aa)-(bb). On September 15, 2021, Plaintiff sent notice of the alleged violation and a copy of the Complaint to the registered owners of the Defendant Domain Name to the contact

---

[2] The undersigned makes no recommendation regarding attorney's fees and costs because Plaintiff did not request them as part of its Motion for Default Judgment.

information provided in the domain name registration records for the Defendant Domain Name. Pl.'s Mot. for Default J. at 4; *see also* Decl. in Supp. of Mot. for Service by Publication ¶ 6, Dkt. No. 9-1. On September 30, 2021, Plaintiff filed a Motion for Service by Publication. Dkt. Nos. 8-10. On November 3, 2021, the Court granted Plaintiff's Motion for Service by Publication and ordered Plaintiff to publish the Order providing notice to the Defendant Domain Name in *The Washington Post* or *The Washington Times* once within fourteen (14) days after the entry of the Order. Dkt. No. 12. The Order further directed Plaintiff to file a declaration within 20 days after the entry of the Order describing the steps Plaintiff had taken to comply with the Court's Order. *Id.* On November 5, 2021, Nexstar arranged for The Order of Service by Publication to be published in *The Washington Times*. *See* Decl. re Order Mot. for Service by Publication, Dkt. No. 13. On November 23, 2021, Nexstar filed its declaration describing its compliance with the Court's Order. *Id.* Accordingly, the undersigned finds that service of process is proper in this action.

### C. Grounds for Default

Plaintiff filed its Complaint on September 13, 2021. Dkt. No. 1. In accordance with the Order of Service by Publication, the Defendant Domain Name's answers or other responses were due no later than November 26, 2021, and no such answer or other response has been filed or served. *See* Pl.'s Request for Entry of Default ¶ 7, Dkt. No. 14-1. Plaintiff filed a Request for Entry of Default with the Clerk of the Court on November 30, 2021, and that same day, the Clerk entered default against the Defendant Domain Name. Dkt. Nos. 14-15. On December 17, 2021, the Honorable District Judge Anthony J. Trenga ordered that Plaintiff immediately file a Motion for Default Judgment and accompanying memorandum in support against the Defendant Domain Name. Dkt. No. 16. On December 17, 2021, Plaintiff filed a Motion for Default Judgment and accompanying memorandum in support of its Motion. Dkt. Nos. 17-18. On January 14, 2022, the undersigned Magistrate Judge conducted a hearing on the matter. Dkt. No. 20. When representatives for the Defendant Domain Name

failed to appear at the January 14, 2022 hearing, the undersigned Magistrate Judge took this matter under advisement to issue this Report and Recommendation. *Id.*

## II.   FACTUAL FINDINGS

Plaintiff Nexstar Media Inc. ("Nexstar") is a Delaware corporation with its principal place of business located at 545 East John Carpenter Freeway, Suite 700, Irving, TX 75062. Compl. ¶ 7. Nexstar provides services to its consumers and advertisers through its media, digital, and mobile media platforms. *Id.* ¶ 16. On January 15, 2020, Nexstar announced that it would launch a daily national newscast entitled NewsNation on the network then known as WGN America. *Id.* ¶ 19. Nexstar expanded NewsNation to include twenty-four hours a day of online programming through its website at www.NewsNationNow.com, and its free mobile app. *Id.* ¶¶ 19-20. Nexstar's expansion also includes the production of articles and news stories that constitute copyrightable subject matter within the meaning of Section 102 of the Copyright Act, 17 U.S.C. § 102. *Id.* ¶¶ 37-38.

Additionally, Nexstar promotes its NewsNation products and services using its NEWS NATION Marks in the domain name, www.NewsNationNow.com, as well as throughout its website and mobile app in association with the NEWS NATION brand. *Id.* ¶ 27. In that regard, viewers have come to identify the NEWS NATION name and Marks to represent a high-quality, trustworthy, and distinct brand. *Id.* ¶ 28. The NEWS NATION Marks are registered on the Principal Trademark Register of the U.S. Patent and Trademark Office under incontestable registration numbers 6075134 and 6284477. *Id.* ¶ 31.

Defendant Domain Name, NewsNationUSA.com, is an Internet domain name that, according to Namecheap, Inc.'s domain name registration records, was registered by the Doe Defendants on November 26, 2020. *Id.* ¶ 46. Plaintiff alleges the newsnationusa.com domain name was configured to display counterfeit versions of the NEWS NATION Marks in an effort to promote and sell products to residents located in this District and earn revenue from pay-per click advertisements and referral fees

form third-party vendors. *Id*. ¶¶ 48, 55. Specifically, the Defendant Domain Name includes a banner that resembles the NEWS NATION Marks and news articles in order to deceive consumers who seek to access Nexstar's products and services. *Id*. ¶¶ 48, 52.

Consequently, Plaintiff has suffered irreparable damages because the unauthorized use of the Defendant Domain Name has substantially diminished the value of the Copyrighted Works and NEWS NATION Marks, harms Nexstar's reputation, and allows the Doe Defendants to profit commercially from said unauthorized use. *Id*. ¶¶ 68-71.

### III. EVALUATION OF PLAINTIFF'S COMPLAINT

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." A defendant in default concedes the factual allegations of the complaint. *See, e.g.*, *DIRECTV, Inc. v. Rawlins*, 523 F.3d 318, 322 n.2 (4th Cir. 2008); *Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 341 (4th Cir. 2006); *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). Default does not, however, constitute an admission of the adversary's conclusions of law and is not to be "treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover." *Ryan*, 253 F.3d at 780 (quoting *Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Instead, the Court must "determine whether the well-pleaded allegations in [the plaintiff's] complaint support the relief sought in [the] action." *Id*.

Thus, in issuing this Report and Recommendation, the undersigned Magistrate Judge must evaluate Plaintiffs' claims against the standards of Rule 12(b)(6) of the Federal Rules of Civil Procedure to ensure that the Complaint contains plausible claims upon which relief may be granted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining the analysis for examining a plaintiff's claims under a 12(b)(6) motion to dismiss). To meet this standard, a complaint must set forth "sufficient

factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In determining whether allegations are plausible, the reviewing court may draw on context, judicial experience, and common sense. *Francis Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (citing *Iqbal*, 556 U.S. at 679).

### Count One: Violation of the Federal Anti-Cybersquatting Consumer Protection Act

Plaintiff alleges a violation of anti-cybersquatting law in Count One of its Complaint. Compl. at 20. To establish an ACPA claim, a plaintiff must demonstrate that (1) Plaintiff owns the protected mark, (2) the Defendant Domain Name is confusingly similar to Plaintiff's mark, and (3) the registrant(s) used the Defendant Domain Name with the bad-faith intent to profit from Plaintiff's mark. *See* 15 U.S.C. § 1125(d)(1)(A); *see also Dynamis, Inc. v. Dynamis.com* 780 F. Supp. 2d 465, 471 (E.D. Va. 2011) (citing *People for the Ethical Treatment of Animals v. Doughney*, 263 F.3d 359, 367 (4th Cir. 2001)). The ACPA provides that a court may order the cancellation of the domain name or its transfer to the owner of the mark as a remedy to the owner. 15 U.S.C. § 1125(d)(1)(C).

Here, the undersigned finds that Plaintiff has established a violation of the ACPA for the following reasons. First, Plaintiff has sufficiently proven that it possesses a trademark right in the NEWS NATION Marks. A plaintiff's registration with the United States Patent and Trademark Office is *prima facie* evidence of ownership of the mark and exclusive right to use the registered mark in commerce. *See* 15 U.S.C. § 1057(b). In that regard, Plaintiff owns the trademark for the Marks because it has valid and subsisting U.S. Certificate Trademark registration numbers. *See* Compl. ¶ 31. Moreover, Plaintiff uses the domain name www.NewsNationNow.com in connection with its provision of managed NEWS NATION services and products. *Id.* ¶ 27. Since Nexstar uses the NEWS NATION Marks in connection with its services and the Marks have come to be viewed as a distinct brand, Nexstar has acquired common law trademark rights in the NEWS NATION trademarks. *Id.* ¶¶ 28-30. Therefore, the undersigned finds that Plaintiff established that it possesses common law

trademark rights, in addition to federal rights, in the NEWS NATION marks and the domain name www.NewsNationNow.com. Compl. ¶¶ 29-33.

Second, the Defendant Domain Name is confusingly similar to Plaintiff's registered Marks because it fully incorporates the NEWS NATION Mark. "In assessing whether a mark is confusingly similar, the allegedly infringing domain name does not need to be identical to the registered mark." *Volvo Trademark Holding AB v. Volvospares.com*, 703 F. Supp. 2d 563, 568 (E.D. Va. 2010). Instead, a court may find a domain name confusingly similar if the "dominant or salient portions" of the domain are sufficiently similar to the owner's mark. *Id.* Also, the mere addition of a top- level domain signifier, such as .com, to a protected trademark does not diminish the confusing similarity. *See, e.g.*, *Investools, Inc. v. Investtools.com*, No. 1:06-cv-210, 2006 WL 2037577, at *3 (E.D. Va. July 17, 2006) (citing *Brookfield Comms., Inc. v. W. Coast Ent. Corp.*, 174 F.3d 1036, 1055 (9th Cir. 1999)).

Here, Defendant Domain Name's dominant portion is "News Nation," which is identical to Plaintiff's protected trademarks (NEWS NATION) and sufficiently similar to Plaintiff's domain name (NewsNationNow.com). The only difference between Defendant Domain Name and Plaintiff's domain name, is that Defendant's domain name ends in "usa.com" while Plaintiff's domain name ends in "now.com." Evidently, the dominant portion of the Defendant Domain Name is identical to Plaintiff's Marks and domain name. As a result, a reasonable consumer could believe that Plaintiff approved the use of the Defendant Domain Name. Therefore, the undersigned finds that Plaintiff has established that Defendant Domain Name is confusingly similar to Plaintiff's Marks.

Lastly, Plaintiff sufficiently alleges that the Defendant Domain Name was registered in bad faith. The ACPA lists several factors that a court may consider when determining bad faith, including a defendant's intellectual property rights in the domain name; the extent to which the name consists of the defendant's legal name; a defendant's bona fide noncommercial or fair use

of the mark in a site accessible under the domain name; a defendant's intent to divert consumers from the mark owner's website in such a way that could harm the goodwill of the mark; and a defendant's provision of misleading or false contact information when applying for registration of the domain name. *See* 15 U.S.C. §§1125(d)(1)(B)(i)(I)-(XI).

In the present case, the facts support a finding of bad faith by the registrants of the Defendant Domain Name. The registrants have no apparent intellectual property rights in the Defendant Domain Name, which includes the NEWS NATION Marks in its entirety. *See* Compl. ¶¶ 47, 54. The Defendant Domain Name does not contain the registrants' and/or authorized licensee(s)' legal names. Compl. ¶ 54. The registrants have not engaged in bona fide noncommercial or fair use of the NEWS NATION Marks. *Id.* ¶ 77. Instead, the registrants of the Defendant Domain Name registered and used the domain to divert consumers away from legitimate NEWS NATION products, by creating a likelihood of confusion as to the source, sponsorship, affiliation or endorsement of the Defendant Domain Name and sites displayed through use of the Defendant Domain Name. *Id.* ¶ 79. For the foregoing reasons, Plaintiff has established that the registrants have the bad-faith intent to profit from the use of the Defendant Domain Name.

Plaintiff's Complaint and Memorandum in Support of Plaintiff's Motion for Entry of Default Judgment plead sufficient facts to show that: (1) Plaintiff possesses trademark rights in the NEWS NATION Marks, (2) Defendant Domain Name is confusingly similar to Plaintiff's Marks, and (3) the registrants of the Defendant Domain Name had the bad-faith intent to divert Plaintiff's customers from its services thereby harming its goodwill. Therefore, for the foregoing reasons, the undersigned Magistrate Judge finds that Plaintiff is entitled to relief under the ACPA.

## IV. **RECOMMENDATION**

For the reasons stated above, the undersigned Magistrate Judge recommends entry of default judgment as to Count One in favor of Plaintiff against the Defendant Domain Name for violation of 15

U.S.C. § 1125(d). The undersigned further recommends that an Order be entered directing VeriSign, Inc. to change the registrar of record for the newsnationusa.com to Plaintiff's registrar of choice, CSC Corporate Domains, Inc., and directing CSC Corporate Domains to change the registrant of the respective domain name to Plaintiff, Nexstar Media Inc.

V.   **NOTICE**

**By mailing copies of this Report and Recommendation, the Court notifies the parties as follows. Objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of service on you of this Report and Recommendation. A failure to file timely objections to this Report and Recommendation waives appellate review of the substance of the Report and Recommendation and waives appellate review of a judgment based on this Report and Recommendation.**

The Clerk is directed to send a copy of this Report and Recommendation to all counsel of record and to the registrant(s) at the physical and email addresses associated with the Defendant Domain newsnationusa.com:

Withheld for Privacy
Purposes Kalkofnsvegur 2
Reykjavik, Iceland 101 9c553e8939614ebeb95fddec19d6e91c.protect@withheldforprivacy.com

(*current as of* 9/13/2021)

Withheld for Privacy
Purposes Kalkofnsvegur 2
Reykjavik, Iceland 101 b9c4a602dc1b482c8f80d4d80b28fa02.protect@withheldforprivacy.com

(*current as of* 10/29/2021)

Redacted for Privacy Kalkofnsvegur 2
Reykjavik, Iceland 101 67f2f1fb1d81472aad9e5646ac5aba3c.protect@withheldforprivacy.com

(*current as of* 12/17/2021)

April 14, 2022

Alexandria, Virginia

/s/ Ivan D. Davis
Ivan D. Davis
United States Magistrate Judge